[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

_____

No. 11-11999
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-20855-MGC-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILE MYRTHIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 20, 2012)

Before MARCUS, MARTIN and HILL, Circuit Judges.

PER CURIAM:

Emile Myrthil appeals his 151-month total sentence, imposed after he pled guilty to 1 count of conspiracy to interfere with commerce by means of robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a) (Count 1); 1 count of attempting to interfere with commerce by means of robbery, in violation of the Hobbs Act, 18 U.S.C. §§ 1951(a) and 2 (Count 2); and 1 count of using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count 3). Myrthil was sentenced to 31 months' imprisonment for Counts 1 and 2 to be served concurrently, which was a downward variance of 20 months from the low-end of the applicable guideline range. He was also sentenced to 120 months' imprisonment for Count 3 to be served consecutively, which was the mandatory minimum sentence imposed by statute.

On appeal, Myrthil argues that his 151-month total sentence was substantively unreasonable because the sentence was greater than necessary for punishment under 18 U.S.C. § 3553(a). He asserts that the 151-month sentence was 25 months greater than the sentence he requested based on his mitigation factors. He further argues that the district court mistakenly believed that he had a prior criminal record involving violence. He also argues that his sentence was six

months longer than that of one of his codefendants, and the district court should avoid such sentencing disparity.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). A sentence may only be vacated if we are left with a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training, medical

care, or other correctional treatment. *See* 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we must first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Once we determine a sentence is procedurally reasonable, we must examine whether the sentence, including the extent of any variance, was substantively reasonable under the totality of the circumstances. *Id*. A sentence may be substantively unreasonable if the district court arbitrarily selects the sentence, bases the sentence on impermissible factors, or fails to consider pertinent § 3553(a) factors. *Pugh*, 515 F.3d at 1192.

When a sentence is outside the Guidelines, the degree of the variance must be supported by a "sufficiently compelling" justification, and the district court

must explain its reasoning for the sentence. *United States v. Kapordelis*, 569 F.3d 1291, 1317 (11th Cir. 2009). The party challenging the sentence has the burden of establishing that the sentence was unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Upon review of the record and consideration of the parties' brief, we affirm. Myrthil's 151-month total sentence was substantively reasonable. The district court considered the statements of the parties and the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and Myrthil's personal history and characteristics. Although the sentence was outside the applicable guideline imprisonment range, the downward variance was in Myrthil's favor, and it was imposed after the district court calculated the correct guideline range and justified the extent of the variance. Furthermore, the district court did not believe that Myrthil had a prior criminal record involving violence, and Myrthil failed to show that the sentencing disparity between him and one of his codefendants rendered his sentence unreasonable. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**